UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID GRIFFITH,

                            Plaintiff,

      v.                                                      3:05-cv-0499

GLOCK, INC., and
RBCD PERFORMANCE PLUS, INC.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

**I.    INTRODUCTION**

      Plaintiff David Griffith commenced the instant action seeking to recover for injuries allegedly sustained by the improper manufacturing of a firearm and/or ammunition. Presently before the Court is Defendant RBCD Performance Plus, Inc.'s ("RBCD") motion to dismiss pursuant to Fed. R. Civ. P. 12 for lack of personal jurisdiction.

**II.    FACTS**

      The Complaint alleges that Plaintiff was firing a pistol manufactured by Defendant Glock, Inc., and using ammunition manufactured by Defendant RBCD, when the gun exploded in his hand causing Plaintiff certain injuries. Plaintiff contends that the cause of his injuries was either a defectively manufactured firearm and/or defective ammunition.

      RBCD is a Texas corporation that resides and has its principle place of business in Texas. RBCD manufactures its ammunition in Texas. RBCD does not maintain any

proprietary locations in New York, it does not directly advertise in New York, it does not own or rent any property in New York, it did not sell ammunition directly to Plaintiff, it does not have any distribution points in the State of New York, it does not maintain any offices in New York, it does not have any bank accounts in New York, it does not maintain a telephone listing in New York, it does not make cold calls into New York or otherwise affirmatively target customers in the State of New York, it does not conduct advertising specific to New York, it does not have any employees in New York, it does not have an agent to promote RBCD who is permanently located in the State of New York, and it does not send its employees to New York to sell its product.  According to RBCD, all of its sales are the "by-product of customers contacting RBCD in Texas to purchase ammunition.  Orders for ammunition are then filled in Texas and shipped across country."  Based on these facts, RBCD contends that it is not subject to personal jurisdiction in New York.

In response, Plaintiff contends that RBCD maintained an Internet website that encouraged persons viewing the site to contact RBCD for sales purposes and also listed a distributor located in East Rochester, New York.  The website also indicates that RBCD supplies ammunition in various states.  Plaintiff also states that RBCD advertises that its ammunition is used by a retired New York City police officer.

### III.     STANDARD OF REVIEW

"Where . . . a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant" through its own affidavits and supporting materials. Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation marks omitted).  The Court must construe the pleadings and

affidavits in the light most favorable to Plaintiff, resolving all doubts in his favor. See CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); Distefano, 286 F.3d at 84.

## IV.    DISCUSSION

Section 302(a)(1) of New York's Civil Practice Law and Rules provides for long-arm jurisdiction where a defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." For this section to apply, "[i]t is fundamental . . . that plaintiff's cause of action must 'arise' from" the transaction of such business in New York. N.Y.C.P.L.R. § C302:3 (Practice Commentaries); see Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004); Cutco Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Here, there is no indication that Plaintiff's injuries arose from RBCD's transaction of business in this state. RBCD has affirmatively stated that it did not sell any ammunition directly to Plaintiff. Plaintiff has offered no evidence to the contrary. In fact, Plaintiff has offered no evidence whatsoever as to where or how he may have acquired any RBCD ammunition. Accordingly, personal jurisdiction is not proper under § 302(a)(1).

Plaintiff next contends that jurisdiction is proper under § 302(a)(3). That section applies if, among other things, a defendant commits a tortious act outside of New York that causes injury within New York. The Amended Complaint provides no information concerning where Plaintiff sustained his injuries. The Amended Complaint simply alleges that Plaintiff was injured at the "Square Deal Gun Club." There is no indication as to where the Square Deal Gun Club is located. Given the liberal standard to be applied at this stage of the proceedings, the Court will resolve this doubt in Plaintiff's favor and presume that the Square Deal Gun Club is in New York. Plaintiff shall, within eleven days of the date of this order, provide evidence by someone with first hand knowledge (*e.g.*, an affidavit from Plaintiff

himself stating where the gun club is located) concerning whether Plaintiff's injury was sustained in New York. If RBCD has any contrary proof, it may submit it within eleven days and request the Court to reconsider this decision.

For personal jurisdiction to exist, however, Plaintiff must meet one of two subparts to § 302(a)(3). Plaintiff must demonstrate that Defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used of consumed or services rendered, in the state," N.Y.C.P.L.R. § 302(a)(3)(i), or "expects or reasonably should expect the act to have consequences in the state and derives substantial revenue form interstate or international commerce." N.Y.C.P.L.R. § 302(a)(3)(ii).

The Court will turn directly to § 302(a)(3)(ii). Plaintiff has made a prima facie showing that Defendant expects or reasonably should its acts to have consequences in the state. This is an objective test that is satisfied if there is evidence suggesting that Defendant attempted, directly or indirectly, to serve the New York market. See Kernan v, Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir. 1999). There is evidence that RBCD had a New York based distributor. Although RBCD may have since terminated that distributor, it does not alter the fact that, through its now-terminated distributor, RBCD directly or indirectly attempted to serve the New York market. Moreover, there is evidence that RBCD directly ships ammunition to customers in New York. By directly shipping ammunition to New Yorkers, RBCD should reasonable expect its acts to have consequences in New York.

Plaintiff also has made a prima facie showing that RBCD derives substantial revenue from interstate commerce. Looking at RBCD's website, it is clear that they have distributors in many parts of the United States. RBCD admits that it fills orders in Texas and

ships them across the country. Thus, the Court finds that personal jurisdiction is proper under § 302(a)(3)(ii).

The Court further finds that the exercise of personal jurisdiction would not offend notions of due process. In light of the fact that RBCD directly ships ammunition to customers in New York, it purposefully availed itself of the privilege of doing business there and could reasonably have foreseen being haled into a New York court. Kernan, 175 F.3d at 243.

The remaining issue is whether it is reasonable to hail RBCD into court in New York. Upon consideration of the relevant factors,[1] see Kernan, 175 F.3d at 244, the Court finds that the reasonableness standard has been met. It unquestionably will be inconvenient for RBCD to come to New York to litigate this case. Given modern modes of communication and transportation, however, this burden is not all that severe. Id. New York unquestionably has the strongest interest in this case. A New York resident was injured in New York and New York law most likely will apply here. Id.

The next factor, Plaintiff's interest in obtaining convenient and effective relief, slightly weighs in favor of exercising jurisdiction here. Plaintiff, an individual, likely does not have the same resources to litigate out of state as might RBCD. Also, if jurisdiction is not exercised over RBCD, Plaintiff might have to litigate separate cases against each Defendant. Consideration of the efficient administration of justice also suggests that jurisdiction is properly exercised here. It appears likely that most of the relevant witnesses are in New

---

[1] These factors are: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial's system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering social substantive policies.

York. Evidence concerning where Plaintiff obtained the ammunition, where the accident occurred, how the accident occurred, and the nature and extent of Plaintiff's injuries are all in New York. Although this case likely will involve issues concerning the manufacture of the ammunition, such evidence is likely to be documentary in nature and, thus, more easily transportable to New York. Id. at 245. Finally, Defendant has offered no policy arguments as to why this case should not be tried in New York.

## V.    CONCLUSION

For the foregoing reasons, Defendant RBCD's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.

Dated: July 27, 2005

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge